**SILVERMANACAMPORA LLP**
Attorneys for Plaintiff Kangadis Food Inc.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora
Adam L. Rosen
Lon J. Seidman

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

KANGADIS FOOD INC.,
  d/b/a The Gourmet Factory,

                       Debtor.
-----------------------------------------------------------x

KANGADIS FOOD INC.,

                       Plaintiff,

        - against -

JOSEPH EBIN and YERUCHUM JENKINS,
individually and on behalf of all others
similarly situated,

                      Defendants.
-------------------------------------------------------------x

Chapter 11

Case No. 14-72649 (REG)

Adv. Pro. No. 14-_____

## **COMPLAINT**

    Plaintiff, Kangadis Food Inc. d/b/a The Gourmet Factory (the "Debtor"), by its attorneys, SilvermanAcampora LLP, for its complaint against defendants Joseph Ebin and Yeruchum Jenkins, individually and on behalf of all others similarly situated (the "Class Plaintiffs"), alleges as follows:


**Nature of the Adversary Proceeding**

1.  This adversary proceeding is brought, *inter alia*, to obtain (a) a declaratory judgment pursuant to 28 U.S.C. §2201 and Federal Rule of Bankruptcy Procedure 7001(9) that the claims asserted by the Class Plaintiffs in the action entitled *Joseph Ebin, Yeruchum Jenkins, et al. v. Kangadis Family Management, LLC, et al.*, Index No. 14-CV-1324 (JSR), currently pending in the United States District Court for the Southern District of New York (the "*Ebin II*"), are property of the Debtor's estate and may only be prosecuted by a representative of the Debtor's estate, and (b) an injunction permanently enjoining the continued prosecution of *Ebin II* pursuant to 11 U.S.C. § 105(a).

**Jurisdiction and Venue**

2.  The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334.

3.  This adversary proceeding has been referred to the Court under 28 U.S.C. §157(a), and the "Amended Standing Order of Reference" of the United States District Court for the Eastern District of New York, dated December 5, 2012, effective as of June 23, 2011 (Amon, C.J.).

4.  This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A).

5.  Venue of this adversary proceeding is proper in this district under 28 U.S.C. §1409.

**The Parties**

6.  The Debtor was, at all relevant times, a corporation formed under the laws of the State of New York with a principal place of business of 55 Corporate Drive, Hauppauge, New York.

7.  On April 8, 2013, the Class Plaintiffs commenced a class action against the Debtor in the United States District Court for the Southern District of New York (the "District Court") entitled *Joseph Ebin, Yeruchum Jenkins, et al. v. Kangadis Food Inc., d/b/a The Gourmet Factory,* Index No. 1:13-cv-02311 (JSR), asserting claims for relief for fraud and breach of warranty under both New York and New Jersey law relating to the Debtor's alleged mislabeling and sale of "olive-

pomace oil" as "100% Pure Olive Oil" ("*Ebin I*").  The Class Plaintiffs are also the class plaintiffs in *Ebin II*.

## Background

8. *Ebin I* was commenced on April 8, 2013.

9. On October 31, 2013, after the conclusion of the discovery period in *Ebin I*, Class Plaintiffs applied to the District Court for leave to amend their complaint to add four (4) new party defendants, namely the defendants in the *Ebin II* case - Aristidis Kangadis, Andromahi Kangadis, Themis Kangadis (collectively, the "Principals") and Kangadis Family Management LLC ("KFM" and, together with the Principals, the "KFM Parties").  Class Plaintiffs sought to hold the KFM Parties liable on a veil-piercing theory for each of the claims already pled against the Debtor.  By order dated November 4, 2013 (the "Nov. 4, 2013 Order"), the District Court denied Class Plaintiffs application, holding, *inter alia*, that Class Plaintiffs' alter-ego claims were premature as they had not obtained any judgment against the Debtor to enforce on a veil-piercing theory ("*At the same time, if plaintiffs do prevail in the instant lawsuit and obtain a judgment*, they may well be able to seek collection of it against any 'alter egos' they can prove *at the time*, whether by motion and hearing or by filing a *separate application.*") (emphasis added).  *See* Nov. 4, 2013 Order at 2, a copy of which is annexed hereto as **Exhibit A** to the Declaration of Anthony C. Acampora submitted contemporaneously herewith (the "Acampora Declaration").

10. On or about February 8, 2014, Class Plaintiffs commenced *Ebin II* against the KFM Parties.

11. By Order dated April 18, 2014 (the "Apr. 18, 2014 Order"), the District Court dismissed the *Ebin II* case "without prejudice to being re-filed if otherwise appropriate upon *resolution of the related case* [*Ebin I*]", closed the case, and effectively imposed sanctions upon

Class Plaintiffs' counsel.  *See* Apr. 18, 2014 Order (emphasis added), a copy of which is annexed as **Exhibit B** to the Acampora Declaration.

12. On June 6, 2014, the Debtor commenced a case under chapter 11 of the Bankruptcy Code in this Court.  The Debtor remains in possession of its property and management of its affairs pursuant to Bankruptcy Code §§1107(a) and 1108.  To date, no committee, trustee, or examiner has been appointed in this case.

13. On June 10, 2014, after a telephone conference regarding, among other things, KFI's bankruptcy filing, the District Court entered an order (the "June 10, 2014 Order") permitting Class Plaintiffs to re-file the complaint in *Ebin II*, acknowledging that its allegations were derivative of *Ebin I*, but finding that the circumstances had changed, presumably due to the KFI bankruptcy filing.[1]  *See* June 10, 2014 Order, a copy of which is annexed as **Exhibit C** to the Acampora Declaration.

14. On June 11, 2014, Class Plaintiffs filed a new complaint (the "*Ebin II* Complaint"), asserting virtually the same causes of action against the KFM Parties as alleged in *Ebin I*, now under purported theories of veil piercing and alter ego, and the same claims re-alleged as "direct claims" against Themistoklis Kangadis and Aristidis Kangadis.  *See Ebin II* Complaint, a copy of which is annexed as **Exhibit D** to the Acampora Declaration.

15. Specifically, Class Plaintiffs allege that Capatriti's label warrants that it contains "100% pure olive oil."  *Ebin II* Complaint ¶¶ 9, 10.  Class Plaintiffs further allege that they relied upon that purported warranty when deciding to purchase Capatriti.  *Id*.  Class Plaintiffs then allege that Capatriti does not contain "100 % pure olive oil," as stated on its label, but instead contains olive-pomace oil.  *Id.* ¶¶ 53–54.  Based on this, Class Plaintiffs claim they were financially harmed in that they paid more for Capatriti based on its label than they otherwise would have for pomace products.  *Id.* ¶ 7.

---

[1] By the June 10, 2014 Order, the District Court did not specify what these changed circumstances were, or how they

16. In support of the derivative claims against the KFM Parties under the veil piercing and alter ego theories (the "Alter Ego Claims"), the *Ebin II* Complaint alleges that:



- ███████████████████████████████;
- ███████████████████████████████;
- ███████████████████████████████;
- ███████████████████████████████;
- ███████████████████████████████;
- ███████████████████████████████;
- ███████████████████████████████.

17. Promptly thereafter, on June 13, 2014, the Debtor filed its *Motion for Entry of Order: (I) Enforcing the Automatic Stay Pursuant to 11 U.S.C. §362(a); (II) Determining that Certain Veil Piercing Claims are Property of the Estate Pursuant to 11 U.S.C. § 541; (III) Pursuant to Bankruptcy Code §362(k), Awarding the Debtor Reasonable Costs and Attorneys' Fees for Willful Violations of the Automatic Stay; and (IV) in the Alternative, Granting an Injunction Pursuant to 11 U.S.C. §105(a)* (ECF Doc. No. 46) (the "Stay Enforcement Motion"), seeking, among other things, to stay *Ebin II* and a determination that certain of the alter ego claims alleged by Class Plaintiffs in *Ebin II* were property of the Debtor's estate.

18. On June 27, 2014, Class Plaintiffs moved to either dismiss the Debtor's bankruptcy case or to lift the automatic stay as to *Ebin I* (ECF Doc. No. 78) ("Class Plaintiffs' Lift Stay Motion").

---

changed the ability to assert the derivative veil piercing or alter ego claims against the KFM Parties.

19. On July 13, 2014, the Debtor filed the *Plan of Reorganization for Kangadis Food Inc. Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 119) (the "Plan").

20. After full briefing by the Debtor and Class Plaintiffs, on July 16, 2014, the Bankruptcy Court conducted a hearing in connection with the Stay Enforcement Motion and Class Plaintiffs' Lift Stay Motion.

21. At that hearing, the Bankruptcy Court denied Class Plaintiffs' Lift Stay Motion and the Debtor's Stay Enforcement Motion and, on July 28, 2014, the Bankruptcy Court entered Supplemental Findings (the "Supplemental Findings") (ECF Doc. No. 144) regarding its denial of the Stay Enforcement Motion and Class Plaintiffs' Lift Stay Motion.

22. In the Supplemental findings, the Court stated that:

> The Class Action complaint contains allegations that the principals harmed the Class Action Plaintiffs based on their own conduct. While piercing the corporate veil seems a necessary component of finding liability against the individual insiders, the Class Action Plaintiffs claim that this is not the case. This will be their burden to prove before Judge Rakoff in the trial scheduled for November, 2014. T*o the extent their claims rely on piercing the corporate veil of the Debtor, the Class Action Plaintiffs are aware of the consequences as they have appear to have read, and have cited to this Court's In re Pitts decision in their brief. 2009 WL 4807615* (Bankr. E.D.N.Y. 2009).

Supplemental Findings, p. 13.

23. Class Plaintiffs appealed from the Bankruptcy Court's July 16, 2014 denial of Class Plaintiffs' Lift Stay Motion and from the July 28, 2014 Supplemental Findings. That appeal is currently pending before the United States District Court for the Eastern District of New York, Index No. 1:14-cv-05493 (DLI).

24. On July 30, 2014, Class Plaintiffs filed a proof of claim in the amount of $261,640,038.59 against the Debtor's estate, designated Claim No. 14 on the Debtor's claims register (the "Class Claim").

25.     On August 1, 2014, each of the KFM Parties filed an unliquidated proof of claim (P.O.C. Nos. 18, 19, 20, and 21) (collectively, the "KFM Parties' Claims") against the Debtor's estate to preserve their rights for indemnification, contribution, reimbursement and other available remedies available in connection with their defense of *Ebin II.*

26.     On August 12, 2014, the KFM Parties moved to dismiss *Ebin II*.

27.     On September 18, 2014, Judge Rakoff granted, in part, the KFM Parties' motion to dismiss *Ebin II* (the ("*Ebin II* Dismissal Order"), a copy of which is annexed as **Exhibit E** to the Acampora Declaration.

28.     In the *Ebin II* Dismissal Order, Judge Rakoff held that "barring exceptional circumstances not here present, there can be no individual liability for Aristidis Kangadis and Themis Kangadis except on an alter ego or veil piercing theory. At oral argument, plaintiffs conceded as much. . . .  Thus, the claims of personal or direct liability of Aristidis Kangadis and Themis Kangadis must be dismissed." *Ebin II* Dismissal Order, p. 3.

29.     Based upon the *Ebin II* Dismissal Order, Class Plaintiffs' *only* remaining claims in *Ebin II* consist exclusively of their Alter Ego Claims against the KFM Parties.

30.     On September 24, 2014, Class Plaintiffs filed a motion (ECF Doc. No. 205) (the "Renewed Lift Stay Motion") to renew their initially filed Lift Stay Motion.

31.     On September 30, 2014, the Debtor commenced the instant adversary proceeding.

### First Claim For Declaratory Relief Against Defendants
**(incorporating all previous allegations)**

32.     The Alter Ego Claims asserted in the *Ebin II* complaint are property of the Debtor's bankruptcy estate.

33.     As property of the Debtor's estate, the Alter Ego Claims may only be prosecuted by a representative of the Debtor's estate.

34. Upon information and belief, Defendants dispute (a) that the Alter Ego Claims are property of the Debtor's bankruptcy estate, and (b) that, as property of the Debtor's estate, the Alter Ego Claims may only be prosecuted by a representative of the Debtor's estate.

35. An actual and justifiable controversy therefore exists between the Debtor and Defendants and a judicial declaration is necessary and appropriate at this time in order to determine the respective rights and obligations of the parties regarding the Alter Ego Claims.

36. The Debtor is entitled to a judicial determination pursuant to 28 U.S.C. §2201 that (a) the Alter Ego Claims asserted in the *Ebin II* complaint are property of the Debtor's bankruptcy estate, and (b) as property of the Debtor's estate, the Alter Ego Claims may only be prosecuted by a representative of the Debtor's estate.

### Second Claim For A Permanent Injunction Against Defendants
**(incorporating all previous allegations)**

37. The Class Plaintiffs are currently prosecuting *Ebin II* against the KFM Parties, parties that have substantial financial obligations under the Debtor's Plan.

38. The Class Plaintiffs' continued prosecution of *Ebin II* will have an immediate, adverse impact on the Debtor's estate and jeopardizes the success of the Plan by depleting the assets of the KFM Parties, distracting the Debtor's management, and creating a risk of inconsistent decisions regarding the Debtor's potential liability to the Class Plaintiffs. To the extent the District Court concludes that the KFM Parties are derivatively liable for the Debtor's actions, the continuation of *Ebin II* against the KFM Parties post-petition will be a violation of the automatic stay.

39. The KFM Parties have expressed that, if the prosecution of *Ebin II* continues and legal costs continue to accrue, they may not be capable of meeting their obligations pursuant to the Plan.

40. Staying *Ebin II* is necessary to (i) prevent a violation of the automatic stay should the KFM Parties be held derivatively liable and (ii) assure the orderly conduct of the reorganization proceedings.

41. The Debtor has no adequate remedy at law.

**WHEREFORE**, plaintiff Kangadis Food Inc. d/b/a The Gourmet Factory, respectfully demands judgment against defendants, the Class Plaintiffs, as follows:

(i) on its first claim for relief for a declaratory judgment that (a) the Alter Ego Claims asserted in the *Ebin II* complaint are property of the Debtor's bankruptcy estate and (b) as property of the Debtor's estate, the Alter Ego Claims may only be prosecuted by a representative of the Debtor's estate;

(ii) on its second claim for relief, permanently enjoining the Class Plaintiffs from prosecuting *Ebin II*;

(iii) for the costs and disbursements of this adversary proceeding; and

(iv) for such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
September 30, 2014

**SILVERMANACAMPORA LLP**
Attorneys for Kangadis Food Inc.

By: *s/ Anthony C. Acampora*
Anthony C. Acampora
Adam L. Rosen
Lon J. Seidman
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300